IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:26-cv-126

| | |
|---|---|
| ROBERT TAFT AND JENNIFER TAFT, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, AND NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY <br><br> Defendants. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Nationwide General Insurance Company, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide Property & Casualty Insurance Company (collectively, "Defendants")[1], by and through their undersigned counsel, hereby remove this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Polk County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendants state as follows:

1.      This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Polk County, on December 3, 2025, under the name and style

---

[1] Although Plaintiff has named Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide Property & Casualty Company as Defendants, Nationwide General Insurance Company is the correct insurer under the policy, a copy of which is attached hereto as **Exhibit 1**.

of *Robert Taft and Jennifer Taft v. Nationwide General Insurance Company, et al.*, 25CV000387-740. Because Polk County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. Upon information and belief, Plaintiffs' counsel mailed a copy of the Summons and Complaint by certified mail to Mike Causey at the NC Department of Insurance ("NC DOI"), which was received by the NC DOI on March 20, 2026.

3. On April 8, 2026, Defendant received the Service of Process Package from the NC DOI. (*See* a true and accurate copy of the Certified Envelope and corresponding USPS tracking information, dated April 8, 2026, attached hereto as **Exhibit 2**).

4. Pursuant to Rule 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."

5. "The time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999)).

6. Here, the Summons and Complaint were not served on or otherwise received by Defendants until, at earliest, April 8, 2026, when the service of process package was delivered. Accordingly, Defendants' time for removal, at earliest, is May 8, 2026, therefore the time for removal has not yet expired.

### JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

2

7.     This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiffs and Defendants.

## I.     Complete Diversity of Citizenship Exists

8.     Upon information and belief, Plaintiff Robert Taft is a citizen of West Virginia. (*See* a true and accurate copy of Plaintiff's Complaint, attached hereto as **Exhibit 3** at ⁋ 1).

9.     Upon information and belief, Plaintiff Jennifer Taft is a citizen of North Carolina. Exhibit 3 at ⁋ 2.

10.     Defendants are insurance companies organized and existing under the laws of the State of Ohio, with their principal office located in Columbus, Ohio. Therefore, Nationwide Defendants are citizens of Ohio. (Ex. 3 at ⁋ 4-7).

11.     Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II.     The Amount in Controversy Exceeds $75,000

12.     As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Plaintiffs allege they are entitled to recover an amount in excess of twenty-five thousand dollars ($25,000) for Defendants' alleged breach of contract. (*See* Exhibit 3 at ¶ 55.)

14.     Plaintiffs further allege they are entitled to recover an amount in excess of twenty-five thousand dollars ($25,000) for Defendants' alleged violations of N.C. Gen. Stat. § 75-16, as well as treble damages and attorney's fees. (*See* Exhibit 3 at ¶¶ 42-44).

15.     Plaintiffs' Complaint further seeks punitive damages alleging, "Public policy requires that Defendants Nationwide be punished for their wrongful, reckless, malicious,

fraudulent, and oppressive conduct" and therefore Plaintiffs "request that an award of punitive damages, in an a sum in excess of twenty-five thousand dollars ($25,000.00), be assessed against Defendants" (Exhibit 3 at ⁋⁋ 65; 66).

16.     When determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); see also *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

17.     Furthermore, the insurance benefits available to Plaintiffs under the subject policy are well in excess of $75,000. (*See* Exhibit 3 at ¶ 22.)

18.     In *McDonald v. Automoney, Inc.*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[,]**' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

19.     Likewise, in *Canon v. Automoney, Inc.*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
>> (i) nonmonetary relief; or
>>
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

4

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

20. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiffs' Complaint.

21. Further, Plaintiffs' Complaint establishes, by a preponderance of the evidence, that their damages exceed $75,000.00.

22. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

**CONCLUSION**

23. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

24. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

25. Pursuant to 28 U.S.C. § 1446(a), the Civil Summons is attached as **Exhibit 4** and the Complaint is attached as **Exhibit 3**.

26. All documents associated with Case No. 25CV000387-740 of which Defendants are aware are attached hereto.

5

27.     Defendants reserve all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

28.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Polk County, and served on the other parties to this action forthwith. A copy of that Notice will be filed in this action within seven days pursuant.

Respectfully submitted, this the 7th day of May, 2026.

/s/ *Gabrielle E. Gorman*
Gabrielle E. Gorman (N.C. Bar No. 59317)
Andrew K. Sonricker (N.C. Bar No. 55224)
Rachel E. Keen, (N.C. State Bar No. 27777)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com
Email: rachel.keen@wbd-us.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendants in this matter, and is person of such age and discretion as to be competent to serve process.

That on May 7, 2026, he served a copy of the foregoing **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** via email to the following:
.

> Ava Lynch, Esq. (N.C. Bar No. 50594)
> 1015 Ashes Drive, Suite 100
> Wilmington, North Carolina 28405
> Telephone: (910) 834-8279
> Facsimile: (888) 347-1535
> Email: alynch@yourinsuranceattorney.com
>
> *Attorney for Plaintiffs*

> /s/ *Gabrielle E. Gorman*
> Gabrielle E. Gorman (N.C. Bar No. 59317)
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville St., Suite, 1100
> Raleigh, North Carolina 27601
> Telephone: (919) 755-2100
> Facsimile: (919) 755-2150
> Email: gabrielle.gorman@wbd-us.com
>
> *Attorney for Defendants*

7